## No. 5876.

STEPHEN BIRD AND THOMPSON BIRD, EXECUTORS OF JOHN BIRD, VS. JOHN. COCKREM, RECEIVER, ETC.

Defendant's exception to the plaintiffs' proceeding with this case in the Fifth District Court, for the reason that the order of that court transferring the case to the Circuit Court of the United States was a final judgment, and, if erroneously rendered, could only be corrected on appeal to the Supreme Court of the State, was properly overruled. The order rendered in the first instance by the Fifth District Court, transferring the case, was necessarily vacated by its subsequent order reinstating it upon its docket, leaving no order of transfer to appeal from..

The only question on the merits in this case is about the ownership of certain promissory notes. The ground assumed by the defendant that he acquired in these notes the right of pledge, is void of force. The notes were the absolute and unqualified property of Bird, and without his knowledge or consent, and without authority of law, no disposition of them after maturity could be legally made by Horrell & Co., in whose hands they had been left, that could in any manner affect his right to recover them upon identifying the same and proving his ownership of them, which has been done.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J. Merrick, Race & Foster,* for plaintiffs and appellees. *J. D. Rouse,* for defendant and appellant.

TALIAFERRO, J. This is a suit for the recovery of three several promissory notes, each for the sum of forty-five hundred dollars, secured by mortgage, being the consideration in part given by one Abram B. Reading for certain real estate, situated in New Orleans and purchased by him of John Bird, a resident formerly of the State of Missouri, now deceased, whose succession is represented by the plaintiffs, his executors. They allege that these notes were drawn by Reading, payable to his own order and by him indorsed; that they were received from him for said John Bird, of Missouri, by his agent and commission merchant, in New Orleans, B. M. Horrell, who receipted for them to the notary before whom the sale was passed, and who placed upon the notes his paraph *ne varieteur* to identify them with the mortgage retained upon the property sold to secure their payment. They aver that John Bird never parted with his ownership of these notes, and that they compose a part of his succession, and that John Cockrem, of New Orleans, in

his capacity of receiver of the New Orleans National Banking Association, now in liquidation, has these notes in his possession and refuses to deliver them to the petitioners, who pray judgment against Cockrem, decreeing the notes to belong to the succession of the said John Bird, and for an order that he deliver them to the plaintiffs.

Upon the motion of Cockrem, made defendant, and on affidavit filed by him the cause was transferred by order of the Fifth District Court to the United States Circuit Court, and by order of that court it was sent back to the Fifth District Court, and by that court ordered to be reinstated upon its docket.

Thereupon the defendant excepted to the plaintiffs' proceeding with the case in the Fifth District Court, for the reason that the order of that court transferring the case to the Circuit Court of the United States was a final judgment, and, if erroneously rendered, could only be corrected on appeal to the Supreme Court of the State.

The exception, we think, was properly overruled. The order rendered in the first instance by the Fifth District Court, transferring the case, was necessarily vacated by its subsequent order reinstating it upon its docket, leaving no order of transfer to appeal from.

The defendant answered, denying generally the allegations of the plaintiffs' petition and alleging that the commercial firm of B. M. Horrell & Co., of New Orleans, in June, 1872, effected a loan with the New Orleans National Banking Association for the sum of ten thousand dollars, for sixty days, and to secure the payment of their note for the amount loaned pledged to the banking association aforesaid the three notes sued for; that Horrell & Co. having failed to pay their note for the money borrowed, the banking association had instituted suit against them on their note and for recognition of the defendant's right of pledge on the said three promissory notes, pledged as aforesaid.

There was judgment in favor of plaintiffs, and defendant appealed.

The only question in this case material to be considered is that of ownership. It is clear from the evidence that John Bird was the owner of the three notes his executors are seeking to recover, and that he never parted with that ownership. It seems that he was a resident of the State of Missouri, and that B. M. Horrell & Co. were his commission merchants in New Orleans, with whom he transacted business generally. He sold certain real property which he owned in New Orleans to Reading, who executed six several promissory notes drawn payable to his own order and indorsed by him, the payment of which was secured by mortgage on the property sold. These notes were delivered to Horrell & Co., to be kept by them for Bird. Nobody pretends that Bird ever vested title to these notes in Horrell & Co. or anybody else, and the only defense is that Bird, by leaving the notes in the hands of Horrell & Co., nothing appearing on

their face to indicate that he was a party to the instrument, or that he owned them, placed it in Horrell's power to commit a fraud by holding himself out to others as owner of them, and that the equitable rule may be invoked by defendant, that where one of two innocent persons must suffer from a fraud perpetrated against them, he by whose act the party committing the fraud was enabled to effect it should bear the loss.

Neither this rule nor the principles and authorities cited and relied upon on the part of the defense to show, that although these notes passed into the hands of third parties after their maturity, the plaintiffs, under the state of facts existing, are estopped from setting up equities that existed between prior parties, have any proper application to the case at bar. The plain law, founded upon the simple, obvious principle of justice and equity, that the sale of the property of another is null, applies here with all its inherent force. Without his knowledge or consent Bird might, without sanction of law, be deprived of his property, if the arguments on the part of the defense were applicable and tenable. Equally void of force is the ground assumed by defendant that he acquired in these notes the right of pledge. The notes were the absolute and unqualified property of Bird, and without his knowledge and consent, and without authority of law, no disposition after maturity could be legally made of them that would in any manner affect his right to recover them upon identifying and proving his ownership of them, which has been done.

The judgment of the court a qua was properly rendered, and it is therefore ordered that it be affirmed with costs in both courts.

Rehearing refused.